IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00452 JMS |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | WITHDRAW GUILTY PLEA |
| | ) | |
| MIGUEL LEON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA

### I. INTRODUCTION

Defendant Miguel Leon ("defendant") entered a guilty plea to knowingly possessing with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers on May 27, 2010. He now seeks, prior to sentencing, to withdraw from that guilty plea. After reviewing the motion, the supporting and opposing memoranda, and considering the arguments of counsel, the court GRANTS the motion to withdraw from his guilty plea.

## II. BACKGROUND

The following facts are not in dispute. On March 14, 2009, a search warrant was executed on defendant's vehicle located at Matson Navigation in Honolulu. No contraband was found. Two days later, while the vehicle was still in the possession of Matson, a "slap-on" GPS tracking device was placed under the vehicle's bumper. This tracking device was not hard wired to the vehicle's battery, but instead had an independent power supply.

On March 20, 2009, the vehicle was driven to the Honolulu International Airport parking garage. Eight days later, a second search warrant was executed on the vehicle. Again, no contraband was found. On June 24, 2009, based on the information obtained from the GPS tracking device, law enforcement learned that the vehicle was parked at the Pacific Marina Inn located near the Honolulu International Airport.

On August 28, 2009, based on additional information, a third search warrant was executed on a locker located at the Mini Pack Self Storage in the Salt Lake area of Honolulu. This search yielded results -- agents seized approximately eleven pounds of methamphetamine.

On December 3, 2009, defendant was charged in a one-count Indictment with knowingly possessing with intent to distribute 50 grams or more

of methamphetamine, its salts, isomers, and salts of its isomers.  On March 15, 2010, defendant's prior counsel filed a Motion to Suppress Evidence.  The Motion to Suppress, centering on the second and third search warrants, did not challenge the use of the GPS tracking device.  After an April 26, 2010 hearing, the court denied the Motion to Suppress from the bench.  One month later, pursuant to Federal Rule of Criminal Procedure 11(a)(2), defendant entered a conditional plea of guilty to the one-count Indictment, and reserved his right to appeal this court's denial of his Motion to Suppress.

Defendant now seeks to withdraw his guilty plea, claiming that intervening law provides the required fair and just reason.[1]  Specifically, on June 27, 2011, the Supreme Court granted certiorari in *United States v. Jones*, --- S. Ct. ----, 2011 WL 1456728 (June 27, 2011), to address whether the installation and use of a GPS tracking device violates the Fourth Amendment.[2]

---

[1] Defendant initially filed his Motion to Withdraw Guilty Plea on March 15, 2011.  After a status conference, defendant filed a Second Motion to Withdraw Guilty Plea on May 23, 2011.  Although that motion also argues that the defendant believed that the GPS tracking device was hard-wired (that is, not a "slap-on" self powered device), defendant withdrew that portion of his motion during the June 24, 2011 hearing.

[2] The procedural posture of this case is somewhat unusual.  During an April 21, 2011 hearing on defendant's Motion to Withdraw Guilty Plea, the court asked the United States to provide an estimate as to when the Supreme Court may decide the pending *Jones* petition for writ of certiorari.  In an April 29, 2011 letter, the United States, after checking with the Criminal Appellate Section of the Department of Justice, opined that the Supreme Court would likely not

(continued...)

## III. **LEGAL FRAMEWORK**

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id*. at 806.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *See United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).³ A mere change of heart about the decision to plead guilty is not a "fair and just

---

²(...continued)
decide the certiorari petition until October, 2011. Defendant elected not to delay his motion that long, and then filed a Second Motion to Withdraw Guilty Plea on May 23, 2011. The court held a hearing on that motion on June 24, 2011 and denied the motion with a written order to follow. On June 27, 2011, the court learned that the Supreme Court granted the petition for writ of certiorari in *Jones*, and then scheduled a status conference. At that conference, based on the changed circumstances, defendant orally renewed his Motion to Withdraw Guilty Plea, which the court then granted. This Order follows.

³ The failure to assert a claim of factual innocence does not count against a defendant seeking to withdraw a plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005).

reason." *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987); *United States v. Maxwell*, 498 F.3d 799, 802 n.3 (8th Cir. 2007); *United States v. Washington,* 480 F.3d 309, 316-17 (5th Cir. 2007); *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003); *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992).

## IV. ANALYSIS

Defendant does not challenge an inadequate Rule 11 plea colloquy or newly discovered evidence. Instead, he claims that he should be permitted to withdraw the plea given that the Supreme Court is to review the constitutionality of the installation and use of GPS tracking devices next term. The court begins with a discussion of the Fourth Amendment and GPS tracking devices, both as of May 27, 2010 when defendant entered his plea of guilty and after.

At the time defendant entered plea of guilty, the law in the Ninth Circuit was clear -- the installation and subsequent use of a warrantless slap-on GPS tracking device was constitutional. *United States v. Pineda-Moreno*, 591 F.3d 1212, 1217, *reh'g en banc denied*, 617 F.3d 1120 (9th Cir. 2010), *petition for cert. filed* (Nov. 10, 2010) (No. 10-7515).[4] In short, under today's binding Ninth Circuit

---

[4] *Pineda-Moreno* was decided on January 11, 2010; defendant's Motion to Suppress was filed on March 15, 2010, and he entered a plea of guilty on May 27, 2010 before a United States
(continued...)

law, the installation and subsequent use of the GPS tracking device on defendant's vehicle was constitutional.

After the defendant entered his May 27, 2010 plea, however, the District of Columbia Circuit disagreed. On August 6, 2010, that court determined that a prolonged use of a GPS tracking device is unconstitutional. *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). A petition for writ of certiorari was then filed and granted, with the Supreme Court to review the constitutionality of the installation and use of GPS tracking devices next term in *United States v. Jones*[5] (*see* No. 10-1259, located at http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-1259.htm).

Given that the government concedes that it obtained information necessary to secure the August 28, 2009 search warrant (resulting in the seizure of approximately eleven pounds of methamphetamine) through use of the GPS tracking device, the court finds that the Supreme Court's impending review of the use of such GPS tracking devices is a "fair and just reason" to permit withdrawal of the plea.

---

[4](...continued)
Magistrate Judge, which was accepted by this court on June 16, 2010 without objection.

[5] Jones is Maynard's co-defendant.

> In the Ninth Circuit, a
>
> > marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea. A development in non-binding authority such as a district court decision in another circuit, by contrast, is not a change in the law in this sense and therefore does not constitute 'intervening circumstances' satisfying a defendant's burden under Rule 11(d)(2)(B).

*United States v. Ensminger*, 567 F.3d 587, 592 (9th Cir. 2009). To the extent the United States argues that *Ensminger* requires an actual change in controlling law before a district court can exercise its discretion to grant a motion to withdraw guilty plea, the court rejects this narrow view. *Ensminger* clearly did not contemplate the unusual circumstances in this case where the Supreme Court has granted certiorari that may result in a change in binding precedent. There is a very real possibility -- one that goes well beyond speculation or conjecture -- that the law will change. And if the Supreme Court affirms the District of Columbia Circuit, all agree that the use of the GPS tracking device in this case would be unconstitutional.[6]

---

[6] The court recognizes that the grant of a certiorari petition after a guilty plea is entered but before sentencing may not legally *require* the court to grant a motion to withdraw guilty plea. *See United States v. Mays*, 593 F.3d 603 (7th Cir. 2010) (holding that the district court did not abuse its discretion in denying a motion to withdraw based on a pending Supreme Court case). That is, the court has considerable discretion to grant or deny a motion to withdraw a guilty plea based on an intervening change in law, depending of the particular circumstances

(continued...)

The defendant must only show a "fair and just" reason, liberally applied, to withdraw from a guilty plea. Although non-binding authority from a district or circuit court may not provide a fair and just reason, an impending review of the law by the Supreme Court can provide a fair and just reason. In this case, exercising its discretion, the court finds that defendant has met his burden in proving a fair and just reason to withdraw from his guilty plea.

The court also recognizes that even if the installation and use of the tracking device is later determined to be unconstitutional, the defendant may not be entitled to the suppression of this evidence. *Davis v. United States*, 131 S. Ct. 2419 (2011). But the court determines that the most prudent course is to permit the defendant to withdraw from his guilty plea and make that determination, if necessary, at a later time and with the benefit of the Supreme Court's *Jones* decision.

///

///

///

///

---

[6](...continued)
presented.

## V.  CONCLUSION

For the reasons stated above, defendant's motion to withdraw from his plea of guilty is GRANTED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 30, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Leon*, Cr. No. 09-00452 JMS; Order Granting Defendant's Motion to Withdraw Guilty Plea